UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TYLER MORRISON, *et al.*, | : | Case No. 3:11-cv-322 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| TAURUS INTERNATIONAL CO., LTD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY GRANTING DEFENDANT TAURUS'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DOC. 20)**

This civil case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 20) filed by Defendant Taurus International Co., Ltd. ("Taurus"). Despite the Court having granted numerous requested extensions of time to file a memorandum in opposition to Taurus's Motion, Plaintiffs failed to file a response. Plaintiffs also failed to respond to an Order to Show Cause docketed by the Court. For the reasons set forth herein, Taurus's Motion is **GRANTED.**

**I.  FACTS**

On September 8, 2011, Tyler Morrison and his parents filed this action for recovery of personal injury damages suffered after a rubber strap broke, recoiled and struck Tyler Morrison in his eye and face. The strap was allegedly purchased at a Lowe's Home Center ("Lowe's") in Ohio, and the injury occurred in the parking lot of that same Lowe's store. Plaintiffs allege that Defendant Taurus manufactured the rubber strap and assert a number of claims, including product liability, breach of warranty and negligence.

Taurus moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. To support the Motion, Taurus submits the affidavit of Chia Sheng Lin, which states that Taurus is incorporated under the laws of Samoa, is not registered to do business in Ohio, has never done business in Ohio, and does not derive any substantial revenue from any sales connected with Ohio. Chia Seng Lin's affidavit denies that Taurus manufactured the strap in question and identifies the correct manufacturer as Pin Fung Rubber Co Ltd., located in Taiwan. According to Chia Sheng Lin, Taurus merely acts as a conduit, pursuant to transactions occurring outside of the United States, for the sale of such straps by other companies.

## II. STANDARD OF REVIEW

"The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir.2003) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir.2002)); *see also Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002); *Schneider v. Hardesty*, 669 F.3d 693 (6th Cir. 2011). To do so, "plaintiff bears the burden of establishing through 'specific facts' that personal jurisdiction exists over the non-resident defendant[.]" *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 & n. 3 (6th Cir.2006); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991)).

"Conclusory statements or bare allegations alone are insufficient to establish personal jurisdiction." *Murray v. Bierman, Geesing, Ward & Wood, LLC*, No. 11cv1623, 2012 WL 4480679, *1 (D. Md. Sept. 27, 2012) (citing *Lolavar v. de Santibanes*, 430 F.3d 221 (4th Cir.2005)). As stated by one court:

> A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. Contrary to the dissent's suggestion, therefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. See *International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines*, 673 F.2d 700 (3d Cir.1982). Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603-04 (3rd Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984)); *see also Jowers v. Beck*, No. 1:09–cv–1131–JDB–egb, 2010 WL 455280, *2 (W.D. Tenn. Feb. 2, 2010).

Where the court rules on a Rule 12(b)(2) motion absent evidentiary hearing, "plaintiff need only make a 'prima facie' case that the court has personal jurisdiction." *Conn*, 667 F.3d at 711 (citing *Kroger*, 437 F.3d at 510). However, where a "'plaintiff has received all of the discovery it sought with respect to personal jurisdiction and there does not appear to be any real dispute over the facts relating to jurisdiction,' the prima facie 'proposition loses some of its significance.'" *Id*. (citations omitted).[1]

### III.  ANALYSIS

In cases where plaintiff seeks to invoke this Court's jurisdiction on the basis of diversity, the Court must "examine the law of the forum state to determine whether personal jurisdiction exists." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota*

---

[1] Here, the parties never requested an evidentiary hearing on Taurus's Motion to Dismiss, and, therefore, the *prima facie* standard should generally govern. However, the record before the Court does reflect that Plaintiffs were given the opportunity to conduct discovery on the issue of personal jurisdiction and, although the parties encountered some problems in that regard, the record contains no recent information that Plaintiffs were unable to obtain the discovery desired.

*Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008) (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir.2000)).  If Ohio law authorizes jurisdiction over Taurus, the Court must then "determine whether that authorization comports with the Due Process Clause of the Fourteenth Amendment."  *Id*. (citing *Brunner v. Hampson*, 441 F.3d 457 (6th Cir. 2006); *see also Schneider*, 669 F.3d at 699 (stating that because "Ohio's long-arm statute is not coterminous with federal constitutional limits[,]" plaintiff "must demonstrate that both due process and Ohio's long-arm statute are satisfied").

Absent a response by Plaintiff, it is unclear which provision of Ohio's long-arm statute it relies upon in establishing personal jurisdiction.  In reviewing the pleadings and Taurus's Motion, it appears that Ohio Rev. Code § 2307.382(A)(5) is the only arguably applicable provision, and it provides that:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> . . .
>
> Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

Ohio Rev. Code § 2307.382(A)(5).

Taurus provides an affidavit of its General Manager, Chai Sheng Lin, establishing that Taurus is incorporated under the laws of Samoa, does not advertise, perform services, maintain offices or employ anyone in Ohio.  In addition, Chai Sheng Lin testifies in his

affidavit that Taurus does not derive significant revenue from Ohio and has no clients or customers in Ohio. In fact, with regard to the strap in question, Chai Sheng Lin testifies in his affidavit that it is does not manufacture such straps and merely acts as a conduit, pursuant to transactions occurring outside of the United States, for the sale of such straps by other companies.

Plaintiffs, having failed to respond to Taurus's Motion to Dismiss, has presented no specific facts, aside from the conclusory allegations in the Complaint, to establish personal jurisdiction over Taurus. Accordingly, having found that Plaintiffs fail to meet their burden of demonstrating that the Court has personal jurisdiction over Taurus, the Court **GRANTS** Taurus's Motion to Dismiss.

### IV.  CONCLUSION

Based on the foregoing, the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 20) filed by Defendant Taurus International Co., Ltd., is **GRANTED**.

**IT IS SO ORDERED**.


Date:  November 13, 2012                     *s/ Timothy S. Black*
                                             Timothy S. Black
                                             United States District Judge